## PEREIRA *v.* VILLAFAÑA.

## APPEAL from the District Court of Humacao.

### No. 68.—Decided January 12, 1906.

INJUNCTION—GROUNDS.—Injunctions should issue only where the reason and the necessity therefor are clear.

ID.—The hurried and ill-considered granting of writs of injunction is dangerous to the economic interests of the country, as well as to the rights of the parties and the well-settled jurisprudence of the courts.

ID.—REMEDY AT LAW.—The writ of injunction will not issue where there is a plain, speedy and adequate remedy at law.

ID.—DAMAGES CAPABLE OF BEING INDEMNIFIED.—An injunction will not issue to prevent the causing of damages which may be fully compensated in an action for damages.

The facts are stated in the opinion.

*Mr. Vías Ochoteco,* for appellant.

*Mr. José de Guzmán Benítez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Amalio Pereira requested and obtained of the municipality of San Lorenzo the use and enjoyment of a piece of land on the plaza of Juncos to the south of the church, which concession was granted him for the erection thereon of a stand for the sale of milk, but without stating the area such stand was to occupy.

Paula Villafaña obtained another piece of land on the same plaza for the erection of a building thereon, work on which was begun at once. On this account Pereira brought an ordinary action in the Humacao court against Villafaña and the municipality of San Lorenzo, and prayed for judgment as follows:

"A. That the right to the use and enjoyment of the lot situated to the south of the Catholic church is vested exclusively in the plaintiff.

"B. That Paula Villafaña remove at her own cost and risk the building or part thereof erected on said lot on the date of the judgment.

"C. That Paula Villafaña be obliged to. indemnify the plaintiff for all loss and damage caused, or which may be caused him, until the lot is left at the free disposal of Pereira.

"D. That in the event the action brought be. not allowed as to the whole lot, the subject of this litigation, the court adjudge the defendant, Paula Villafaña, to remove that part of the building which may be necessary to leave free the 4 meters which the law provides for the service and use of the *kiosk* belonging to the plaintiff.

"E. That all damages and costs be taxed jointly against both defendants, including therein the sum of $400, considered reasonable, for the payment of the fees of the attorney or attorneys whom the plaintiff, Pereira, may employ."

For the purpose of protecting his alleged right, the plaintiff, Pereira, made application to the said court for a writ of injunction, in the following petition:

"The plaintiff, Amalio Pereira, also through his counsel, Juan Vías Ochoteco, prays the court that as a preliminary measure tending to avoid the damage which the continuation of the work begun by Paula Villafaña may cause the interests of said plaintiff, the court issue a writ of injunction directing the defendant to refrain from continuing the work she has under construction to the south of the Catholic church of Juncos, such work consisting of a one-floor frame dwelling house.

"This. legal remedy, in this case, will benefit the defendant, because it will tend to avoid greater loss later, if, as is expected, the demolition of the work is obtained by the judgment rendered, and the application is based on the certain and positive fact that the defendant, in addition to depriving Pereira of the use and enjoyment of a portion of the land belonging to him, causes him the evident damage of depriving him, in contravention of the provisions of law, of the good sanitary conditions which he now enjoys in the *kiosk* belonging to him, which good conditions will be affected immediately upon the termination of the work in course of construction by Mrs. Villafaña in the immediate neighborhood of said *kiosk*.

"In view of what has been alleged, and a certificate issued by the *alcalde* of San Lorenzo being attached, showing the concession of the lot, the subject of this litigation, to the plaintiff, Pereira, the latter prays the court, after fixing the bond, which the plaintiff is ready to furnish in accordance with law, to issue a writ of injunction against

the defendant, Paula Villafaña, directing her to refrain from continuing work on the house under construction referred to above in this application, under the liabilities of the law, this measure being sought with the urgency the case calls for.''

A hearing having been had on the application for said injunction, the following decision, transcribed herewith for the sake of clearness, was rendered:

''From the evidence in this case, the court finds that the municipality of San Lorenzo granted to the plaintiff in this action a certain piece of land, situated in the town of Juncos, belonging to said municipality, for the erection thereon of a *kiosk*. The plaintiff alleges. here that this grant includes all the land to the south of the church.

''It does not appear from the evidence that any plan was shown to the municipal council, giving the exact dimensions of the house it was intended to build, nor does the concession of the council to Amalio Pereira contain any. I see from the evidence of the plaintiff that the land was granted for the express purpose of building a *kiosk* thereon. The municipal council alleges that it granted no more than the 7 meters on which the *kiosk* stands. The court has no other information as to the dimensions of the lot granted by the. municipality, and understands that the amount of land is determined by the area occupied by Amalio Pereira for the construction of the *kiosk*, because in making his petition he did not state the amount of land he wished to occupy.

''Therefore, the court holds that the municipality did not grant. more land than that actually occupied by the *kiosk*, because if Amalio Pereira had permission to occupy more than he does occupy, and he did not use all, the municipality is not prohibited from granting it to another person who had applied therefor.

''In this matter the land does not belong to the plaintiff nor to the defendant; all that can be alleged as a right is the use of the land, and the court believes that the plaintiff is not entitled to more land than he at present occupies, especially when it does not appear that he asked for a measured piece of land, with so many meters. front and so many meters deep.

''With reference to the general order which counsel for the plaintiff alleges to be still in force, the court holds that it was repealed in all respects by an act concerning municipalities, approved March 1,. 1902, of which subdivision 10 of section 23, vests in the municipalities the power over the construction of buildings. That was a general

order issued by the Governor General, which is not in harmony with the form of government we now have in Porto Rico. We have a democratic government, and every town has the power to administer its own affairs. A municipality is a government within the General Government. Section 23 of said act provides:

" 'That the councils shall have power, subject to the further provisions of this act, to pass any ordinance or resolution not in conflict with the laws of the Island in respect to the following matters:' and subdivision 10 of said section provides: 'Construction of buildings.'

"So that it is the municipality that has jurisdiction to pass on the construction of buildings, and I believe that the municipal council of San Lorenzo acted in the absence of any municipal ordinance determining the space which should be left between two houses.

"Finally, I wish to state that it appears that there is no opposition on the part of the municipality, which is the owner of the land at present. The plaintiff does not allege here that he is the owner of the land unoccupied, but alleges that he is entitled to the use of that land.

"On the grounds set forth, the court denies the application for an injunction and vacates the writ of injunction previously issued.

"Done under my hand in Humacao, this 23d day of the month of May, 1905.—J. A. Erwin, judge of the Distric Court of Humacao. I certify, Enrique Rincón, secretary."

The plaintiff Pereira took an appeal from this judgment, and after his counsel had filed the proper brief, the public hearing took place, at which counsel for both parties made their arguments.

The appellant, Pereira, alleges that he had been granted the entire tract covered by his building, which had been concluded, and also that covered by the building now under construction by Paula Villafaña, but this is not clear, or, at least, many doubts are present which should have been cleared up by the petitioner, upon whom the burden of proof of his allegation rests.

Writs of injunction should be granted with great caution and only in cases where the reason and necessity therefor is clear. To grant an injunction hastily and without due consideration endangers the economic interests of the country, as

well as the rights of parties and the well-established precedents of the courts.

A person who has his remedy provided by the law but does not avail himself of it, and fails to show wherein he has been prejudiced, has no right to relief in a court by means of an application for injunction. That remedy cannot be granted to stay a damage for which ample compensation may be had in an action for the recovery of damages. This doctrine is discussed at length by the learned writer Estes, in the third volume of his work, in treating of remedies of this nature.

In the question now under consideration there is no doubt of the lots in controversy belonging in full ownership to the municipality of San Lorenzo, and that both Pereira and Mrs. Villafaña only hold the use of the portion of land granted. We do not know the extent or area granted Pereira, and cannot determine whether or not Mrs. Villafaña encroached with her building upon the land the former uses under his concession. On the contrary, there is a fact which reveals that Pereira never had had the entire lot granted to him, and that is, that on September 9, 1903, he made a petition that his grant be enlarged to permit of the construction of two buildings instead of one. And if the whole lot had been granted to him, as he alleges, why did he request this new concession, which, as a matter of fact, was not granted? This is not explained.

At any rate, this injunction was applied for solely against Paula Villafaña, and if she enjoys and builds on land granted her by proper authority, and if Pereira alleges that all said land had been previously granted to him by the said municipal council of San Lorenzo, she cannot be held in any way responsible for such an improper act, when she produces, as she does, a title similar to that of Pereira, unless it should have been shown here that her building exceeded the limits and terms of her concession. The plaintiff understood this when he brought the ordinary action against said municipal

council also, and in this injunction it is not possible to prejudge the result of that litigation, which is still pending in the District Court of Humacao.

It is not material to the case to determine now whether or not the general order which prescribed the space which should be left between frame houses continued in force or not after the enactment of the law concerning municipalities, approved March 1, 1902; but we do hold that any taxpayer or resident within a municipal district who believes his rights to have been prejudiced has the remedies provided by section 63 of said law, equivalent to section 644 of the Revised Statutes.

So that, without prejudicing the right of Pereira in the pending action, which is susceptible to full discussion and proof of different kinds, we believe that, for the reasons stated, the judgment of the District Court of Humacao of May 23d of last year, should be affirmed in so far as it denied the application for an injunction and vacated the writ of injunction previously issued.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.